**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                                          BKY No.: 19-43029
                                                                                                 Chapter 11 Case
**Tiger Oak Media, Incorporated,**

**Debtor.**

---

**NOTICE OF EXPEDITED HEARING AND MOTION FOR APPROVAL OF
POST-PETITION DEBTOR-IN-POSSESSION SECURED CREDIT**

**TO:    ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL RULE 9013-3:**

1.      Tiger Oak Media, Incorporated, a Minnesota corporation ("Debtor"), by and through its undersigned attorneys, moves the court for expedited relief and gives notice of hearing herewith.

2.      The court will hold an expedited hearing on the Debtor's motion at 10:00 a.m. on Friday, October 25, 2019, before the honorable Michael E. Ridgway, in Courtroom 7 West, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel may be heard. A final hearing on the Debtor's Motion for post-petition debtor-in-possession secured credit ("Motion") will be heard at 9:00 a.m. on Wednesday, November 20, 2019, before the honorable Michael E. Ridgway, in Courtroom 7 West, 300 South Fourth Street, Minneapolis, MN 55415, or as soon thereafter as counsel may be heard.

3.      Any response to the request for expedited hearing and Motion must be filed and served not later than 2 hours prior to the October 25, 2019 hearing date and time. Any response to the Wednesday, November 20, 2019, Final Hearing on the Debtor's Motion shall be filed and served not later than Friday, November 15, 2019 which is five (5) days prior to the hearing date.

1.

**THE COURT MAY GRANT THE DEBTOR'S MOTIONS, INCLUDING FINAL APPROVAL OF ANY SECURED CREDIT WITHOUT A FURTHER HEARING UNLESS AN APPROPRIATE OBJECTION IS INTERPOSED IN ACCORDANCE WITH THE RULES**.

4.  This court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 4001, 5005, and Part IX of the Local Rules. This motion is filed under Bankruptcy Rules 4001(b), (c), and (d), 9014, and Local Rule 4001-2. This proceeding arises under 11 U.S.C. §§363 and 364. The petition commencing this Chapter 11 case was filed on October 7, 2019 (the "Filing Date"), and the case is now pending before this court.

5.  There is a Committee of Unsecured Creditors appointed in this case (Doc. Nos. 22 and 23).

6.  The Debtor is in immediate need of scheduling production printing for its numerous publications. Attached as **Exhibit A** is a production schedule prepared by the Debtor for the months of October, November and December 2019. The Debtor's principal printer (which is CJK Group Company d/b/a Hess Print Solutions "Hess") has indicated that it will not engage in further printing for the Debtor without pre-payment, or in the alternative, without being granted court authorization to have secured credit pursuant to 11 U.S.C. §364(d). The Debtor does not have sufficient cash to pre-pay its printing expenses that will be incurred. The Debtor has been unable to pre-pay these printing expenses. Thus far, the Debtor has been unable to secure any loan to pay for these printing expenses so that it may be able to operate its business. The Debtor requested that Hess provide printing services to the Debtor on an unsecured basis so that it would be allowed a chapter 11 administrative expense. Hess has indicated to the Debtor that it will not provide unsecured credit but, it will supply 30-day credit

2.

terms to the Debtor if it is granted a lien on the assets of the Debtor and the Debtor-In-Possession.  Hess is the Debtor's single largest unsecured creditor in the case.  Hess is the largest printer utilized by the Debtor.  The Debtor's proposal is to make weekly payments to Hess so that jobs performed by Hess will be paid by the expiration of the 30-day terms provided to the Debtor.

7. The Debtor therefore requests that it be authorized to grant Hess a lien and security interest in the assets of the Debtor by Hess as described in this Motion.

8. The Debtor estimates that it will incur printing expenses from Hess in the amount of $341,809.00 between now and the end of 2019.

9. The Debtor requests that it be authorized to incur secured debt and that Hess be granted a lien pursuant to §364(d)(1) of the Bankruptcy Code.

10. The Debtor requests the Court to take judicial notice of the projections (Doc. No. 9) attached to the Debtor's Expedited Motion for Use of Cash Collateral (Doc. No. 6).

11. The Debtor is unable to obtain unsecured credit.  The Debtor is unable to obtain secured credit from any other entity or source.  The secured credit proposed in this Motion is the only form of financing available to the Debtor.

12. Pursuant to Local Rule 9013-2(c), the Debtor states that should testimony be necessary at any hearing on this matter, the Debtor reserves the right to call Craig Bednar, the CEO of the Debtor and/or Chris Adamietz, the Controller of the Debtor.

**WHEREFORE**, Debtor prays for an order of the court as follows:

1. Authorizing the Debtor to enter into the post-petition Debtor-in-Possession secured lending and to grant to CJK Group Company d/b/a Hess Print Solutions the priority liens and security interests described in this Motion; and

2. For such other and further relief as the court may deem just and equitable.

                    **STEVEN B. NOSEK, P.A.**

Dated: October 23, 2019.      /e/ Steven B. Nosek
                                    Steven B. Nosek, #79960
                                    Yvonne R. Doose, #397066
                                    2855 Anthony Lane South, Suite 201
                                    St. Anthony, MN 55418
                                    (612) 335-9171
                                    snosek@noseklawfirm.com
                                    ydoose@noseklawfirm.com
                                    **ATTORNEY FOR DEBTOR**

## VERIFICATION

I, Craig Bednar, CEO of the Debtor named in the foregoing pleading, declare under penalty of perjury that the foregoing pleading is true and correct according to the best of my knowledge, information and belief.

TIGER OAK MEDIA, INCORPORATED

Dated: _10-23_, 2019.

_____
Craig Bednar, CEO

| 2019 Production Budget | October | November | December | Total |
|---|---|---|---|---|
| **EXHIBIT A** | | | | |
| **Seattle Magazine (Hess)** | 108 | 108 | 236 | |
| Print & Ship | $46,116 | $33,000 | $73,600 | $216,249 |
| Postage | $9,000 | $9,000 | $12,000 | $46,602 |
| Total Seattle Magazine (Hess) | $55,116 | $42,000 | $85,600 | $262,851 |
| **Seattle Business (Hess)** | | | | |
| Print & Ship | $10,197 | $11,765 | $11,965 | $54,837 |
| Postage | $4,000 | $4,000 | $4,000 | $19,959 |
| Total Seattle Business (Hess) | $14,197 | $15,765 | $15,965 | $74,796 |
| **California Real Weddings (Hess)** | | | | |
| Print & Ship | | $18,370 | | $18,370 |
| Postage | | $575 | | $575 |
| Total California Real Weddings (Hess) | $0 | $18,945 | | $18,945 |
| **Seattle Real Weddings (Hess)** | | | | |
| Print & Ship | | $22,000 | | $22,000 |
| Postage | | $0 | | $0 |
| Total Seattle Real Weddings (Hess) | $0 | $22,000 | $0 | $22,000 |
| **California Wedding Day (Hess)** | | | | |
| Print & Ship | | | $38,000 | $38,000 |
| Postage | | | $500 | $500 |
| Total California Wedding Day (Hess) | $0 | $0 | $38,500 | $38,500 |
| **Minnesote Bride (Hess)** | | | | |
| Print & Ship | | | $29,500 | $29,500 |
| Postage | | | $1,400 | $1,400 |
| Total Minnesote Bride (Hess) | | | $30,900 | $30,900 |
| **Nebraska Wedding Day (Hess)** | | | | |
| Print & Ship | | | $43,500 | $43,500 |
| Postage | | | $0 | $0 |
| Total Nebraska Wedding Day (Hess) | | | $43,500 | $43,500 |
| **Oregon Bride  (moved to 3/20) (Hess)** | | | | |
| Print & Ship | | | | $0 |
| Postage | | | | $0 |
| Total | $0 | $0 | $0 | $0 |
| **Seattle Bride (moved to 3/20) (Hess)** | | | | |
| Print & Ship | | | | $0 |
| Postage | | | | $0 |
| Total | $0 | $0 | $0 | $0 |
| **Wisconsin Bride  (moved to 3/20) (Hess)** | | | | |
| Print & Ship | | | | $0 |
| Postage | | | | $0 |
| Total | | | | $0 |
| **CLM Homes Book (Quad)** | | | | |
| Print & Ship | | | | $20,443 |
| Postage | | | | $6,000 |
| Total CLM Homes Book (Quad) | | | | $26,443 |
| **City South (Quad)** | | | | |
| Print & Ship | $6,690 | | $6,890 | $20,270 |
| Postage | $2,500 | | $2,500 | $7,500 |
| Total City South (Quad) | $9,190 | | $9,390 | $27,770 |

| 2019 Production Budget | October | November | December | Total |
|---|---|---|---|---|
| **EXHIBIT A** | | | | |
| **Edina (Quad)** | | | | |
| Print & Ship | $10,570 | $11,770 | $10,570 | $53,650 |
| Postage | $2,900 | $2,900 | $2,900 | $14,500 |
| Total Edina (Quad) | $13,470 | $14,670 | $13,470 | $68,150 |
| **Lake Minnetonka (Quad)** | | | | |
| Print & Ship | $11,400 | $11,900 | $11,400 | $57,100 |
| Postage | $4,200 | $4,200 | $4,200 | $21,000 |
| Total Lake Minnetonka (Quad) | $15,600 | $16,100 | $15,600 | $78,100 |
| **Maple Grove (Quad)** | | | | |
| Print & Ship | $9,070 | $9,070 | | $35,880 |
| Postage | $2,400 | $2,400 | | $9,600 |
| Total Maple Grove (Quad) | $11,470 | $11,470 | | $45,480 |
| **Plymouth (Quad)** | | | | |
| Print & Ship | $7,340 | | $7,340 | $21,820 |
| Postage | $2,100 | | $2,100 | $6,300 |
| Total Plymouth (Quad) | $9,440 | | $9,440 | $28,120 |
| **St. Croix Valley (Quad)** | | | | |
| Print & Ship | $5,920 | | $5,920 | $17,560 |
| Postage | $2,400 | | $2,400 | $7,200 |
| Total St. Croix Valley (Quad) | $8,320 | | $8,320 | $24,760 |
| **Southwest Metro (Quad)** | | | | |
| Print & Ship | $7,010 | | $7,010 | $20,830 |
| Postage | $2,300 | | $2,300 | $6,900 |
| Total Southwest Metro (Quad) | $9,310 | | $9,310 | $27,730 |
| **White Bear Lake (Quad)** | | | | |
| Print & Ship | $6,340 | | $6,340 | $19,020 |
| Postage | $2,000 | | $2,000 | $6,000 |
| Total White Bear Lake (Quad) | $8,340 | | $8,340 | $25,020 |
| **Woodbury (Quad)** | | | | |
| Print & Ship | $9,670 | $9,670 | $9,670 | $48,150 |
| Postage | $2,400 | $2,400 | $2,400 | $12,000 |
| Total Woodbury (Quad) | $12,070 | $12,070 | $12,070 | $60,150 |
| **California M+E (Royal)** | Fall19 | | | |
| Print & Ship | $11,800 | | | $11,800 |
| Postage | $6,300 | | | $6,300 |
| Total California M+E (Royal) | $18,100 | | | $18,100 |
| **Colorado M+E (Royal)** | | | Win20 | |
| Print & Ship | $10,900 | | $11,400 | $22,300 |
| Postage | $6,200 | | $6,200 | $12,400 |
| Total Colorado M+E (Royal) | $17,100 | | $17,600 | $34,700 |
| **Illinois M+E (Royal)** | | Win 20 | | |
| Print & Ship | | $9,800 | | $19,600 |
| Postage | | $6,200 | | $12,400 |
| Total Illinois M+E (Royal) | | $16,000 | | $32,000 |
| **Michigan M+E (Royal)** | | | | |
| Print & Ship | | $10,000 | | $20,000 |
| Postage | | $6,200 | | $12,400 |
| Total Michigan M+E (Royal) | | $16,200 | | $32,400 |

| 2019 Production Budget | October | November | December | Total |
|---|---|---|---|---|
| | | **EXHIBIT A** | | |
| **Minnesota M+E (Royal)** | | Win 20 | | |
| Print & Ship | | $11,200 | | $22,400 |
| Postage | | $5,100 | | $10,200 |
| Total Minnesota M+E (Royal) | | $16,300 | | $32,600 |
| **Mountain M+E (Royal)** | | | | |
| Print & Ship | | | | $13,000 |
| Postage | | | | $0 |
| Total Mountain M+E (Royal) | | | | $13,000 |
| **Northeast M+E (Royal)** | Fall 19 | | | |
| Print & Ship | $10,000 | | $10,000 | $20,000 |
| Postage | $7,100 | | $7,100 | $14,200 |
| Total Northeast M+E (Royal) | $17,100 | | $17,100 | $34,200 |
| **Northwest M+E (Royal)** | | | | |
| Print & Ship | | | $11,100 | $22,200 |
| Postage | | | $6,200 | $12,400 |
| Total Northwest M+E (Royal) | | | $17,300 | $34,600 |
| **Texas M+E (Royal)** | | | | |
| Print & Ship | | | $12,300 | $24,600 |
| Postage | | | $8,000 | $16,000 |
| Total Texas M+E (Royal) | | | $20,300 | $40,600 |
| **Aurora CVB Guide** | | | | |
| Print & Ship | | | | $0 |
| Postage | | | | $0 |
| Total | | | | $0 |
| **Beaumont Visitors Guide (Hess)** | | | | |
| Print & Ship | | | | $63,500 |
| Postage | | | | $0 |
| Total Beaumont Visitors Guide (Hess) | | | | $63,500 |
| **Blue Water, Michigan** | | | | |
| Print & Ship | | | | $0 |
| Postage | | | | $0 |
| Total | | | | $0 |
| **Explore Southern MN (Quad)** | | | | |
| Print & Ship | | | $32,000 | $32,000 |
| Postage | | | $5,000 | $5,000 |
| Total Explore Southern MN (Quad) | | | $37,000 | $37,000 |
| **Frisco 19 (Hess)** | | | | |
| Print & Ship | | $25,500 | | $25,500 |
| Postage | | | | $0 |
| Total Frisco 19 (Hess) | | $25,500 | | $25,500 |
| **Grapevine Visitors Guide** | | | | |
| Print & Ship | $91,100 | | | $91,100 |
| Postage | | | | $0 |
| Total Grapevine Visitors Guide | $91,100 | | | $91,100 |
| **Indiana CVB** | | | | |
| Print & Ship | | $7,400 | | $7,400 |
| Postage | | | | $0 |
| Total Indiana CVB | | $7,400 | | $7,400 |
| **Lubbock Visitors Guide** | | | | |
| Print & Ship | | | | $0 |
| Postage | | | | $0 |

| 2019 Production Budget | October | November | December | Total |
|---|---|---|---|---|
| | **EXHIBIT A** | | | |
| Total | | | | $0 |
| **Michigan CVB** | | | | |
| Print & Ship | | | | $0 |
| Postage | | | | $0 |
| Total | | | | $0 |
| **Texas CVB Guide (Royal)** | | | | |
| Print & Ship | | | | $20,679 |
| Postage | | | | $8,500 |
| Total Texas CVB Guide (Royal) | | | | $29,179 |
| **TOTAL HESS:** | | | | **$341,809** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Tiger Oak Media, Incorporated,

Bky. No. 19-43029
Chapter 11 Case

Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR'S MOTION FOR APPROVAL OF POST-PETITION DEBTOR-IN-POSSESSION SECURED CREDIT**

This Memorandum is submitted in support of Debtor's Motion for an Order authorizing the Debtor to obtain post-petition debtor-in-possession secured credit. The facts in support of the relief sought have been set forth in the Expedited Motion and in this Memorandum.

I.
FACTUAL BACKGROUND

Background

The Debtor publishes numerous publications and magazines.

As described in the Debtor's Motion, the Debtor has reached an Agreement with its principal printing supplier, CJK Group Company d/b/a Hess Print Solutions ("Hess") to supply its 2019 requirements of printed material and to grant to Hess a post-petition lien pursuant to §364(d)(1) of the Bankruptcy Code.

II.
THE COURT SHOULD AUTHORIZE
THE PROPOSED DIP LOAN

The Debtor proposes to obtain secured credit pursuant to 11 U.S.C. §364 (c) and 11 U.S.C. §364(d)(1). The Debtor requests that the Court permit the Debtor to grant a security interest to Hess pursuant to §364(d)(1) of the Bankruptcy Code. Section 364(d)(1) of the Bankruptcy Code provides:

> The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if –
>
> (A) the trustee is unable to obtain such credit otherwise; and
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

When determining whether to approve secured credit under the Bankruptcy Code, the courts commonly consider four distinct factors: [1]

1. Whether the proposed financing represents an exercise of sound and reasonable business judgment;
2. Whether alternative financing is available on any other basis;
3. Whether the financing is in the best interests of the estate and its creditors; and
4. Whether any other proposals are before the court. The Court must also consider whether or not creditors being "primed" are adequately protected by the proposed financing.

Bankruptcy courts have also considered factors such as whether (a) the proposed credit transaction is necessary to preserve the assets of the estate; and (b) the terms of the transaction

---

[1] In re Farmland Indus., Inc., 294 B.R. 855, 879 (Bankr. W.D. Mo. 2003); In re Phase-1 Molecular Toxicology, Inc., 285 B.R. 494, 495 (Bankr. D.N.M. 2002); In re Western Pacific Airlines, Inc., 223 B.R. 567, 572 (Bankr. D. Colo. 1997).

are fair, reasonable and adequate, given the circumstances.[2] The Debtor respectfully submits that they have satisfied all of these standards under section 364, each of which is addressed separately below.

## The Secured Credit Represents A Sound and Reasonable Business Judgment

The value of the Debtor's estate arises from the Debtor's ability to continue to operate its business as a going concern. To maintain this going concern value, the Debtor must obtain secured credit. The Debtor has an immediate and ongoing need to obtain secured credit in order to have its publications printed so as to be able to pay the costs and expenses of operating its business. These expenses include, among other things, payroll, payroll taxes, and payments to trade vendors, etc. If the Debtor is unable to continue operations, the interest of creditors and others in this case will be irreparably harmed. The secured credit will allow the Debtor to maintain its business as a going concern. The decision to enter into the secured credit transaction represents a sound business judgment that will ultimately inure to the benefit of the Debtor and all of its creditors.

## The Debtor Could Not Obtain Alternative Financing on Any Other Basis

Section 364(c) requires that a debtor demonstrate that it was unable to obtain credit from some other sources. A facility of the type and size needed by the Debtor here cannot be obtained from any other source when substantially all, if not all, of the Debtor's assets are subject to liens in favor of other secured Lenders. Vendors have not been willing to extend any additional credit without a pre-payment or assurance that the chapter 11 Debtor has sufficient credit available. The Debtor does not believe that there is any property of the Debtor that is not already subject to

---

[2] See In re The Crouse Group, Inc., 71 B.R. 544, 549 (Bankr. E.D. Pa. 1987), accord, In re Sky Valley, Inc., 100 B.R. 107, 112 (Bankr. N.D. Ga. 1988) (holding that debtor need not establish that postpetition loan secured under section 364(d) is necessary to the preservation of the debtor's estate).

a lien. To the extent any such property exists, the Debtor does not believe it would be sufficient to secure the Debtor's necessary secured credit.

### Entry into The Secured Credit Transaction is in the Best Interest of the Debtor's Estate and Its Creditors

Maintaining the Debtor's businesses, which requires access to the secured credit, is in the best interests of the Debtor's estate and its creditors because it allows Debtor to maintain the going-concern value of its business. Conversely, failure to obtain the secured credit will probably require the Debtor to immediately cease operations.

### There Are No Better Proposals Before the Court

As detailed above, the Debtor has been unable to locate credit on terms better than those offered by Hess. *See In re Devlin,* 185 B.R. 376, 378 (Bankr. M.D. Fla. 1995) (allowing chapter 11 debtor to incur secured debt pursuant to 364(d)(1) to replace fixtures which would allow debtor's operations to continue to the benefit of all creditors).

### The Terms of the Secured Credit Transaction are Fair, Reasonable and Adequate

The terms of the secured credit transaction are fair, reasonable, and adequate under the circumstances presented here. Where the purpose of a credit facility is to enable the debtor to maintain the value of its estate, the facility should be approved. *See In re First S. Sav. Ass'n,* 820 F.2d 700, 710-15 (5th Cir. 1987). The secured credit is the product of good faith negotiations between Hess and the Debtor. Entry into the secured credit transaction does not prejudice the powers and rights that the Bankruptcy Code confers for the benefit of all creditors, nor does it prevent motions by parties in interest from being decided on their merits. The Debtor is receiving favorable repayment terms and no interest is being charged to the Debtor.

## III.
## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court enter an order approving Debtor's post-petition secured credit in the form of the secured credit proposed.

                                              Respectfully submitted,
                                              **STEVEN B. NOSEK, P.A.**

Dated: October 23, 2019.    /e/ Steven B. Nosek
                                              Steven B. Nosek, #79960
                                              Yvonne R. Doose, #397066
                                              2855 Anthony Lane South, Suite 201
                                              St. Anthony, MN 55418
                                              (612) 335-9171
                                              snosek@noseklawfirm.com
                                              ydoose@noseklawfirm.com
                                              **ATTORNEY FOR DEBTOR**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:  BKY No.: 19-43029

Chapter 11 Case

**Tiger Oak Media, Incorporated,**
**Debtor.**

---

**CERTIFICATE OF SERVICE**

---

I hereby certify that on October 23, 2019, I caused a copy of the **Notice of Expedited Hearing and Motion for Approval of Post-Petition Debtor-In-Possession Secured Credit; Verification; Exhibit; Memorandum; and Proposed Order** to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

> US Trustee: ustpregion12.mn.ecf@usdoj.gov, ecfbkup@comcast.net
> Sarah J. Wencil: Sarah.J.Wencil@usdoj.gov
> Christopher A. Camardello: chris@mantylaw.com, krisann@mantylaw.com; janet@mantylaw.com; kevin@mantylaw.com

I further certify that I caused a copy of the **Notice of Expedited Hearing and Motion for Approval of Post-Petition Debtor-In-Possession Secured Credit; Verification; Exhibit; Memorandum; and Proposed Order** to be mailed by US Mail and faxed and/or emailed to the following as referenced below:

| Tiger Oak Media, Incorporated<br>Craig Bednar and<br>Chris Adamietz<br>900 South 3rd Street<br>Minneapolis, MN 55415-1209<br>rcbednar@tigeroak.com<br>Chris.Adamietz@tigeroak.com | Internal Revenue Service<br>Centralized Insolvency Office<br>PO Box 7346<br>Philadelphia PA 19101-7346<br>**Fax: 1-855-235-6787** | MN Dept of Revenue<br>551 Bankruptcy Sections<br>PO Box 64447<br>St. Paul MN 55164<br>Mdor.bkysec@state.mn.us |
|---|---|---|
| IRS District Director<br>Room 320 Stop 5700<br>30 7th Street E #1222<br>St. Paul MN 55101<br>**No Fax or Email** | Quad<br>Juan R. Mostek<br>N61 W23044 Harry's Way<br>Sussex WI 53089<br>jrmpstek@quad.com | The Law Offices of Alex W. Craigie<br>12100 Wilshire Blvd, Ste. 800<br>Los Angeles CA 90025<br>alex@craigielawfirm.com |
| Buehler, Beth - Inc<br>Buehler Communications Inc.<br>897 Zeligman St., Unit A<br>Crested Butte CO 81224<br>Bethbuehler4@gmail.com | Northwest Harvest<br>James D. Gibbs<br>PO Box 12272<br>Seattle WA 98102<br>jamesg@northwestharvest.org | LSC Communications US LLC<br>Dan Pevonka<br>4101 Winfield Road<br>Warrenville IL 60555<br>Dan.Pevonka@LSCCom.com |
| Choice Financial<br>Attn: Jeff Elden<br>4501 23rd Avenue South<br>Fargo ND 58104<br>j.elden@bankwithchoice.com | Brianna Blazek<br>General Counsel<br>GJK Group Company<br>3323 Oak Street<br>Brainerd MN 56401<br>Brianna.Blazek@CJKgroup.com | Hess Print Solutions<br>Jim Wilde<br>4601 Excelsior Blvd, Ste 337<br>Minneapolis MN 55416<br>jwilde@hessprintsolutions.com |

| | | |
|---|---|---|
| US Attorney<br>300 S 4th Street #600<br>Minneapolis MN 55415<br>**Fax:  612-664-5788** | | |

Dated:  October 23, 2019.    **STEVEN B. NOSEK, P.A.**
/e/ Steven B. Nosek
Steven B. Nosek, #79960
Yvonne R. Doose, #0397066
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 335-9171
snosek@noseklawfirm.com
ydoose@noseklawfirm.com
**ATTORNEYS FOR DEBTOR**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                                       BKY No.: 19-43029

**Chapter 11 Case**

**Tiger Oak Media, Incorporated,**

**Debtor.**

_____

### ORDER APPROVING POST-PETITION SECURED CREDIT

The Debtor's Motion for Approval of Post-Petition Secured Credit (the "Motion");[1] came on for an expedited hearing before the undersigned. Appearances of counsel were as noted on the record. The Court having determined that the notice given for the Motion was adequate under the circumstances, and the Debtor and CJK Group Company d/b/a Hess Print Solutions. ("Hess") having agreed that this Order may be entered;

**THE COURT FINDS:**

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion for expedited relief is granted.

2. The Motion is granted.

3. The secured credit is hereby approved and the Debtor is authorized to schedule print production for its numerous publications pursuant to the agreement between it and Hess.

4. The Debtor is hereby authorized and directed to enter into and perform all of their obligations under the secured credit transaction, the provisions of the secured credit transaction are hereby approved and incorporated herein by reference and made a part of this Order, and to

---

[1] Capitalized terms not expressly defined herein have the same meaning as ascribed by the Motion, related Memorandum, or Exhibits.

enter into and execute any other document deemed necessary or appropriate by Hess to give effect to the terms and provisions of this Order and the secured credit transaction.

      5.      Upon execution and delivery to Hess, the secured credit shall constitute the legal, valid and binding obligation of the Debtor, enforceable against the Debtor in accordance with its terms and this Order.

      6.      All advances and extensions of credit and any other indebtedness which from time to time hereafter is owing by the Debtor to the Hess shall have priority the provisions of §364(d)(1) of the Bankruptcy Code and shall at all times be senior to the rights of the Debtor or any successor trustee in this or any subsequent case under the Bankruptcy Code.

      7.      Hess is a "good-faith" lender, and the credit extended by Hess pursuant to this Order and the secured credit shall be deemed to be extended in good faith within the meaning of §364(e) of the Bankruptcy Code and Precision is entitled to the protections afforded by §364(e) of the Bankruptcy Code.

      8.      To the extent permitted by applicable law, the provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) converting any Debtor's Chapter 11 case to a Chapter 7 case, (b) confirming or consummating any plan(s) of reorganization of the Debtor or (c) dismissing any Debtor's Chapter 11 case or any subsequent Chapter 7 case pursuant to §§§303, 305 or 1112 of the Bankruptcy Code, and the terms and provisions of this Order as well as the priorities granted pursuant to this Order and the secured credit shall continue in this or any superseding case under the Bankruptcy Code.

      9.      Except as otherwise stated herein, the provisions of this Order shall be binding upon all persons and shall inure to the benefit of Hess, the Debtor and their respective successors and assigns.

10. Entry of this Order is without prejudice to any other rights that Hess or the Debtor may have, at law or in equity, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

11. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

12. This Order is effective immediately upon its entry.

Dated:

Michael E. Ridgway
United States Bankruptcy Judge