# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankruptcy Case No. 19-43029 (MER) |
| Tiger Oak Media, Incorporated | Chapter 11 |
| Debtor. | |

## THIRD INTERIM ORDER APPROVING POST-PETITION SECURED CREDIT

This matter came before the court on the Debtor's Motion for Approval of Post-Petition Secured Credit (the "Motion") and the Committee's Limited Objection to the same.  The Motion was originally scheduled for a final hearing on Wednesday November 20, 2019, but was continued to December 5, 2019 as a result of an amended expedited motion filed by the Debtor (the "Amended Motion"), seeking additional expedited relief under 11 U.S.C. § 364.  The Court previously entered two interim Orders approving similar relief on October 25, 2019 [ECF #26], and November 23, 2019 [ECF #60], respectively.  Based upon the files and records herein,

**IT IS HEREBY ORDERED:**

1. The request for expedited relief is **GRANTED**;

2. The Committee's Objection is **SUSTAINED**;

3. The secured credit agreement (the "Agreement") entered into by and between the Debtor and D&J Printing, Inc. d/b/a Hess Print Solutions ("Hess") is hereby approved, on an interim basis, according to the following terms: 1) Hess will provide printing services after the date of this Order to the Debtor on 30-day credit terms, from time to time; 2) the Debtor shall make weekly payments to Hess in an amount not less than 25% of the value of the printing services advanced for such prior 30-day period; 3) the Debtor is authorized to schedule print production for its numerous publications pursuant to the Agreement; 4) Hess is hereby granted a

lien and security interest in all assets of the Debtor which shall secure the value advanced or credit extended to the Debtor, which lien shall be junior in all respects to all liens and security interests held by Choice Financial Group d/b/a/ Choice Bank ("Choice") in all of the Debtor's assets.  Further, Hess's lien or security interest shall not attach to or otherwise encumber the Debtor's chapter 5 causes of action, any other litigation claims the Debtor or its estate may have, or any of the proceeds of the same.

4. This Order shall be effective for sixty (60) days, at which time any party in interest, including, but not limited to, the Debtor, Hess, Choice, or the Official Committee of Unsecured Creditors (the "Committee"), may seek to extend or review this Order based on the performance of the parties to the Agreement; provided, however, that no subsequent order shall impair Hess's lien or right to super-priority status with respect to any services provided prior to the entry of such subsequent order.

5. The Debtor is hereby authorized and directed to enter into and perform all of its obligations under the Agreement, the provisions of which are hereby approved, incorporated herein by reference, and made a part of this Order.

6. The Debtor is hereby authorized to enter into and execute any other document deemed necessary or appropriate by Hess to give effect to the terms and provisions of this Order and the Agreement.

7. Hess has represented to this Court that it will not provide unsecured credit to the Debtor in exchange for an administrative expense claim.

8. The Debtor has represented to this Court that it has attempted to obtain secured and unsecured credit from other entities and sources, but was unable to find any entity willing to advance credit under any terms other than those to which Hess agreed.

9. Pursuant to section 364(c)(1) of the Bankruptcy Code, all of the advances and extensions of credit and any other indebtedness which from time to time hereafter is owing by

the Debtor to Hess pursuant to the Agreement and remaining unpaid shall constitute an allowed super-priority administrative expense claim against the Debtor (without the need to file any proof of claim) with priority over any and all claims against the Debtors, now existing or hereafter arising.

10. Nothing herein shall obligate Hess to perform any services or otherwise extend credit to the Debtor, and any such services or extensions of credit shall be performed or made solely in Hess's discretion; provided, however, that if Hess elects to cease performing services on the grounds that the Debtor has failed to make a timely payment as set forth under the Agreement and in this Order, the Debtor shall have three (3) business days after notice of the failure to make payment provided in writing to both the Debtor (through its attorney) and the Committee (through its attorney) via email, to cure such default, or seek relief from this Court.

11. Hess shall prepare a weekly report (the "Report") and provide the same to the Committee and to the Debtor (through their attorneys, via email), by 5:00 p.m. central time on Friday of each week (the "Reporting Date"), indicating the titles of the publications and number of units as to which printing services will be performed by Hess under all outstanding orders, if any; the amount of credit extended during the previous week, if any; the amount paid to Hess during the previous week, if any; the total cumulative amount of credit extended to Hess at the end of such previous week, if any; and the total cumulative amount outstanding at the end of such previous week, if any.

12. If the Report is not timely Provided to the Committee and the Debtor by the Reporting Date, Hess's security interest in the Debtor's assets shall not attach with respect to any value advanced during the period subsequent to the Reporting Date, until such time as the Report has been provided to the Committee and the Debtor, as set forth herein, and the Committee acknowledges, in writing, to the Debtor and Hess, through counsel, in writing, that the Report meets the standards set forth herein with respect to the same.

13. Hess shall also provide to the Committee and the Debtor, within seven (7) days of the entry of this Order, documentation sufficient to demonstrate the pre-petition pricing charged by Hess to the Debtor for printing services with respect to any titles as to which Hess will also provide (or has also provided) printing services post-petition; provided, however, that, due to the highly sensitive and confidential nature of this information, this information shall only be viewed by Committee's retained professionals, and shall not be shared with the members of the Committee.

14. Hess is a "good-faith" lender, and the credit extended by Hess pursuant to this Order shall be deemed to be extended in good faith within the meaning of §364(e) of the Bankruptcy Code and Hess is entitled to the protections afforded by §364(e) of the Bankruptcy Code.

15. To the extent permitted by applicable law, the provisions of this Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (a) converting any Debtor's Chapter 11 case to a Chapter 7 case, (b) confirming or consummating any plan(s) of reorganization of the Debtor or (c) dismissing the Debtor's Chapter 11 case or any subsequent Chapter 7 case pursuant to §§303, 305, or 1112 of the Bankruptcy Code, and the terms and provisions of this Order, as well as the priorities granted pursuant to this Order and the Agreement shall continue in this or any subsequent case under the Bankruptcy Code.

16. Except as otherwise stated herein, the provisions of this Order shall be binding upon all persons and shall inure to the benefit of Hess, the Debtor, and their respective successors and assigns.

17. Entry of this Order is without prejudice to any other rights that Hess, the Debtor, or any other party in interest may have, at law or in equity, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

18. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

19. This Order is effective immediately upon its entry.

Dated: December 5, 2019

*/e/ Michael E. Ridgway*
Michael E. Ridgway
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 12/05/2019
Lori Vosejpka, Clerk, by MJS

5